## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOGE, MCKEEVER LLC, TODD M. ROONEY, and ELDON S. THOMPSON | ) ) | No.: 2:20-cv-01462-RJC |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | Judge Robert J. Colville |
| v. | ) ) | |
| ZOETIS INC., | ) ) | |
| Defendant. | ) ) ) | |

**<u>MEMORANDUM OPINION</u>**

Robert J. Colville, United States District Judge

Before the Court is a Motion for Sanctions (ECF No. 69) filed by Defendant, Zoetis, Inc. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The Motion has been fully briefed and is ripe for disposition.

### I.      Factual Background & Procedural History

Plaintiffs allege that they "owned a 3-year old Standardbred filly known as Saratoga Gia." Sec. Am. Compl. ¶ 9, ECF No. 22. Plaintiffs further allege that Saratoga Gia was given two injections of EXCEDE, which is manufactured and distributed by Defendant, to address a "minor puncture wound." *Id.* at ¶¶ 10, 13. Following the second dose, Plaintiffs allege that Saratoga Gia experienced a severe reaction resulting in emergency treatment and, eventually, her death. *Id.* at ¶¶ 14-16. Plaintiffs allege that Defendant was aware of other fatal reactions to EXCEDE and neither disclosed nor warned of the danger EXCEDE posed. *Id.* at ¶¶ 19-26. Plaintiffs bring claims for failure to warn, defective design, manufacturing defect, breach of express warranty, fraudulent misrepresentation/concealment, and negligent misrepresentation (in the alternative). *See* Sec. Am. Compl.

1

Defendant asserts the following facts which are not objected to by Plaintiffs. Defendant asserts that it served its First Request for Production to Plaintiff, Foge, McKeever, LLC, on October 25, 2022. Br. in Supp., Decl. of Adams. Plaintiffs served their response to Defendant's First Request for Production on November 30, 2022.[1] *Id.* Defendant then served a First Request for Production to Plaintiffs, Thompson and Rooney, individually, and a Second Request for Production to Foge, McKeever on June 30, 2023. *Id.*

On June 16, 2023, Defendant sent a letter to the Court and Plaintiffs advising the Court of a discovery dispute between the parties involving Plaintiffs' failure to respond to certain discovery requests. Br. in Supp., Ex. 1. The Court held a telephonic status conference on July 7, 2023 to address the discovery dispute and ordered the parties to meet and confer and file a motion to set new discovery deadlines. ECF No. 58. On July 12, 2023, the parties filed a joint Motion for Extension of Time to Complete Discovery (ECF No. 59) which included a proposed order that Plaintiffs "complete production of all responsive documents to Defendant's written discovery and/or provide Defendant with written certification that a diligent search was conducted by all Plaintiffs and no responsive documents exist by September 5, 2023." *Id.* The Court granted the Motion for Extension of Time to Complete Discovery on July 13, 2023. ECF No. 60.

On October 30, 2023, Defendant sent a second letter to the Court and Plaintiffs advising the Court that Plaintiffs had failed to produce documents and/or a written certification by September 5, 2023. Br. in Supp., Ex. 2. The Court held another telephonic status conference on November 8, 2023. ECF No. 66. The Court gave Defendant leave to file a motion if Plaintiffs had not sufficiently responded by November 28, 2023. *Id.*

---

[1] The Court notes that the November 3, 2022 response states that it is a response by all Plaintiffs and not just a response from Foge, McKeever, LLC. Accordingly, it is not entirely clear to the Court whether Plaintiffs intended for this response to be on behalf of all of the Plaintiffs when the Request for Production was originally only sent to Foge, McKeever.

Defendant filed the instant Motion for Sanctions (ECF No. 69) along with its Brief in Support (ECF No. 71) on December 5, 2023.  Plaintiffs filed their Response (ECF No. 74) and Brief in Opposition (ECF No. 75) on December 15, 2023.  Defendant filed its Reply (ECF No. 77) on December 21, 2023.

On December 18, 2023, following the filing of the instant Motion, Rooney and Thompson served their responses to the First Request for Production.  Reply, Dec. Of Adams.  Additionally, on December 14, 2023, Plaintiffs provided tax returns and other financial documents to Defendant. *Id.*

## II.    Legal Standard

Federal Rule of Civil Procedure 37(b)(2) describes the sanctions that may be imposed for a party's failure to obey a discovery order, and provides:

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

The choice of the appropriate sanctions is generally left in the sound discretion of the district court. *Mangano v. American Radiator & Standard Sanitary Corp.*, 438 F.2d 1187, 1188 (3d Cir. 1971). However, Rule 37(b)(2) does impose two standards that limit the Court's discretion. *Viscomi v. Clubhouse Diner*, Civil Action No. 13-4720, 2019 WL 430504, at *4 (E.D. Pa. Feb. 4, 2019). "Any sanction must be 'just,' and the sanction must be specifically related to the particular 'claim,' which was at issue in the order to provide discovery." *Id.* (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 7070 (1982)).

## III.    Discussion

Defendant seeks evidentiary sanctions under Rule 37 against Plaintiffs based on Plaintiffs' failure to adhere to Court Orders, and, specifically, their failure to respond to Defendant's discovery requests, including Defendant's First Request for Production to Thompson; Defendant's First Request for Production to Rooney; and Defendant's Second Request for Production to Plaintiff, Foge, McKeever, LLC.[2]  Br. in Supp. 5.

As stated above, following the filing of the Motion for Sanctions, Thompson and Rooney served their responses to the First Request for Production. Defendant argues that, even with the

---

[2] Defendant notes that it has also served requests for admission and interrogatories on Plaintiffs. Br. in Supp. 2. However, Defendant has raised no arguments in its instant Motion that Plaintiffs have not responded to these discovery requests or that Plaintiffs' responses are insufficient outside of its Reply Brief. In its Reply, Defendant asserts that certain documents have still not been produced and cited to both its Request for Production and Interrogatories. As such, it is unclear to the Court whether Defendant intended to include as part of its Motion the requests for admission and interrogatories. Therefore, the Court will not address the requests for admission or interrogatories at this time.

4

service of these responses, Plaintiffs have still failed to produce all relevant documents sought in the Requests for Production.  Reply 1-2.  Specifically, Defendant argues that Plaintiffs have failed to produce:

- Records of public or private purchases and sales of horses owned or trained by Plaintiff Todd Rooney, which he testified support and were the basis of his appraisal of Saratoga Gia's ("SG") present-sale-value and therefore are relevant to Plaintiffs' damages;
- Records of public or private purchases and sales of horses by Plaintiffs, relevant as above;
- Records of purchases or sales of yearling horses by Plaintiffs and Mr. Rooney are relevant to claimed damages for breeding SG and selling her offspring;
- Records of the future races (and the corresponding purse value) that SG was qualified to race in, which Plaintiffs claim SG would have raced in, would have won, and would have earned prize money from, thereby generating revenue, which are relevant as above;
- Records related to Plaintiffs' broodmare farm, which are also relevant to Plaintiffs' claim for lost profits from breeding SG;
- Records showing the *actual* costs of Plaintiffs owning and racing SG, which are relevant to Plaintiffs' lost profits claim;
- Records showing Plaintiffs' earnings and costs of other horses, which Plaintiffs rely on for their prediction of SG's future earnings (e.g., her identical sibling Southtroy Slugger and half-siblings Casey T, Swell Chap, and Sister Swell, as well as other horses); and
- Records related to Saratoga Gia's identical sibling Southtroy Slugger (all records, e.g., veterinary care like radiology / diagnoses, costs like training / care / breeding / racing, racing like qualifications / stakes / performance / results), which are relevant to warnings-causation and Saratoga Gia's present-sale-value.

Reply, 1-2.

The Court understands that Defendant is dissatisfied with the specificity and fulsomeness of Plaintiffs' discovery production to date.  However, the Court cannot find, based on the information before it, that the sanctions sought by Defendant's Motion are warranted in this case.  Plaintiffs admittedly served written responses to Defendant's Requests for Production to Thompson and Rooney after the thirty-day deadline provided for in Fed. R. Civ. P. 34 and after the Court's Orders directing Plaintiffs to serve responses, and only after Defendant filed its Motion for Sanctions.  However, as the Court understands it, despite failing to serve written responses

until December of 2023, Plaintiffs had produced the relevant discovery in their possession some time prior to the service of Plaintiffs' written responses to Defendant's Requests for Production to Thompson and Rooney.

In fact, Plaintiffs had previously responded to Defendant's Request for Production to Foge, McKeever, which was nearly identical to the Request for Production to Thompson and Rooney.[3] While the Court understand that each Plaintiff may possess documents not in the other Plaintiff's possession, as argued by Defendant, it appears to the Court that the vast majority of the documents sought were originally provided in Plaintiffs' response to the Request for Production to Foge, McKeever. Additionally, in Plaintiffs' responses to the Request for Production to Thompson and Rooney, Plaintiffs state that the documents sought by Defendant's were already provided by Plaintiffs in an earlier production. Reply, Ex. 4.

The only certainty in the Court's view is that Plaintiffs have failed to serve a written response to Defendant's Second Request for Production to Foge, McKeever. However, the Second Request for Production seeks, in sum, veterinary records, federal tax returns, and other financial documents. Br. in Supp., Ex. 10. According to Plaintiffs' Response in Opposition, they have now provided Defendant with copies of their tax returns and other financial documents.

Additionally, while Defendant argues that Plaintiffs have failed to produce certain documents, Plaintiffs have clearly articulated in their Response to the instant Motion, and to the Court during the telephonic status conferences, that they have produced all documents in their possession. Resp. in Opp'n 2. The Court cannot order Plaintiffs to produce documents that do not exist. *See Id.* Additionally, Plaintiffs have represented that their responses to Defendant's

---

[3] In the Court's review, the Requests for Production to Thompson and Rooney are nearly identical to the Request for Production to Foge, McKeever. The only differences are that the Requests for Production to Thompson and Rooney seek additional financial documents in requests 50-56.

discovery requests will be supplemented prior to trial should any further information and/or additional documents become available in accordance with Fed. R. Civ. P. 26.[4]  As such, with Defendant unable to establish beyond speculation that there are, in fact, additional documents in Plaintiffs' possession, the Court takes Plaintiffs' representations that they are not in possession of any other documents responsive to Defendant's requests.

As such, the Court does not find that Plaintiffs' have acted in bad faith to comply with discovery and, therefore, the Court does not find that evidentiary sanctions are warranted in this case.  For these reasons, Defendant's Motion for Sanctions is denied.  However, in the interest of a fulsome record, Plaintiffs shall serve a response to Defendant's Second Request for Production by September 16, 2024.  If issues arise with Plaintiffs' response to Defendant's Second Request for Production, Defendants are granted leave to file an amended Motion for Sanctions.

While the Court finds that evidentiary sanctions are not appropriate at this time, the Court will revisit the issue should Plaintiffs offer any testimony or documents not identified during discovery at the time of trial.  Additionally, the Court notes that Defendant has only sought evidentiary sanctions in its Motion and not monetary sanctions.  As such, the Court makes no decision, at this time, as to whether monetary sanctions are warranted in this matter.

## IV.    Conclusion

For the reasons discussed above, the Court will Deny Defendant's Motion for Sanctions. Plaintiffs shall serve a response to Defendant's Second Request for Production to Foge, McKeever, LLC, by September 16, 2024.

---

[4] The Court notes that any supplemental discovery shall be produced timely and in good faith.  Any party's failure to disclose in a timely manner may warrant, and the Court will entertain, an amended motion for sanctions for any future issues warranting consideration, including issues resulting from any supplemented discovery.

The Court is cognizant that a Telephonic Post-Discovery Status Conference ("PDSC") was scheduled in this matter for September 5, 2024 at 9:00 a.m.  The Court continued the Telephonic PDSC by Order dated September 3, 2024 (ECF No. 93) knowing that this Memorandum Opinion was forthcoming.  The Telephonic PDSC is rescheduled for September 17, 2024 at 9:30 a.m.  The parties shall meet and confer prior to the September 17, 2024 Telephonic PDSC and shall be prepared to discuss with the Court the status of discovery, including any issues concerning deposition mechanics and scheduling as addressed by the parties in their Joint Pre-Conference Statement (ECF No. 92).

An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 4, 2024

cc: All counsel of record